USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MISAEL LOPEZ CLAUDIO,

                        Petitioner,

-against-

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT (ICE),

                        Respondent.

21 Civ. 202 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Petitioner, filing his petition as Misael Claudio Lopez, moves pursuant to 28 U.S.C. § 2241 for the Court to vacate his United States Immigration and Customs Enforcement ("ICE") detainer. Petition, ECF No. 2. Because Petitioner has been deported since filing his petition, the petition is DISMISSED as moot.

## BACKGROUND

    Petitioner was, at the time of filing, an inmate incarcerated at Sullivan Correctional Facility ("Sullivan"), subject to an ICE detainer. Petition at 1, 5. ICE first issued a warrant against him on July 18, 2007. Petition at 4, 22; Nevins Decl. ¶¶ 14–16, ECF No. 14; ECF No. 14-4. According to the Government, in 2008, Petitioner, proceeding under the alias Claudio Lopez, was convicted in New York of manslaughter in the first degree, and sentenced to seventeen and one half years' incarceration, Nevins Decl. ¶ 17; Petitioner does not give an account of his underlying conviction. On January 13, 2012, ICE issued a detainer against Petitioner, requiring him to be transferred to ICE custody upon completion of his sentence. *Id.* ¶ 19; Pet. at 4, 25.

    Plaintiff alleges that he is Misael Lopez Claudio, an American citizen born in Puerto Rico, who was incarcerated at the time of filing. Petition at 3–4. He asserts that the detainer violates his constitutional rights as an American citizen. *Id.*

    The Government states that Petitioner is in fact Miguel Antonio Santana-Morel, a citizen of the Dominican Republic. Gov't Mem. at 1, ECF No. 13. The Government bases this conclusion on ICE's review of Petitioner's file, which includes comparison by the FBI and ICE of the fingerprints associated with the July 18, 2007 warrant of removal with fingerprints taken of an individual arrested under the aliases Claudio or Cladio Lopez in 2000 and 2006, and Santana-Morel's fingerprints, taken in 1994.[1] Nevins Decl. ¶¶ 4–26.

---

[1] The Government also investigated Petitioner's Puerto Rican birth certificate, issued in May 2008. ECF No. 8 at 3–4. However, under Puerto Rican law, this birth certificate is not valid proof of citizenship. 24 L.P.R.A. § 1325.

The Court received Petitioner's habeas petition, dated January 4, 2021, on January 11, 2021. Petition. On February 11, 2021, upon completion of his sentence, Petitioner was released from Sullivan to ICE custody, and on March 2, 2021, he was removed to the Dominican Republic. Nevin Decl. ¶¶ 28–30. Respondent requests, therefore, that the petition be denied as moot. Gov't Mem.

## ANALYSIS

A case "becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (quotation marks and citation omitted). At that point, "the Constitution's case or controversy requirement, U.S. Const. Art. III, § 2, is not satisfied and a federal court lacks subject matter jurisdiction over the action." *New York City Emps' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992). In the immigration habeas context, a court "retain[s] jurisdiction so long as the petitioner is 'in custody.'" *Pierrilus v. U.S. Immigration & Customs Enf't*, 293 F. App'x 78, 79 (2d Cir. 2008) (citation omitted). Therefore, if a petitioner challenging their detention by ICE is subsequently removed, the petition becomes moot. *See De La Cruz v. Dep't of Homeland Sec.*, No. 20 Civ. 2219, 2021 WL 431037, at *2 (S.D.N.Y. Feb. 8, 2021) (collecting cases).

Here, Petitioner requested that the Court vacate his ICE detainer in order to prevent his detention by ICE. Pet. at 3. As Petitioner has since been removed from ICE custody, this request is moot. *See Diop v. Sessions*, No. 18 Civ. 8245, 2019 WL 1894387, at *2 (S.D.N.Y. Mar. 20, 2019) ("As Petitioner in this case was removed from the United States and thereby ICE custody, the petition has been rendered moot divesting the Court of subject matter jurisdiction."). His petition is, therefore, DISMISSED.

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: June 2, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge

2